UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                      MEMORANDUM & ORDER

      v.                                               03-CR-1382 (NGG)

BALDASSARE AMATO, et al.,

            Defendants.
-------------------------------------------------------X

GARAUFIS, United States District Judge.

This Memorandum and Order ("M&O") shall address the motion *in limine* by defendant Stephen Locurto ("Locurto" or "Defendant") to admit exculpatory testimony by two witnesses, now deceased, provided in a state trial regarding the same murder allegation as the instant trial. For the reasons set forth below, Locurto's motion is DENIED.

**I.    FACTUAL BACKGROUND**

In 1987, New York State prosecuted Locurto for the alleged homicide of Joseph Platia ("Platia") in May 1986 in Manhattan. (Locurto Mem. Supp. Mot. Admit ("Locurto Mem."), at 2-3.) In the state trial, two witnesses, Andrew Viserto and Pasquale Croce, testified on behalf of Locurto. These witnesses are now deceased. (Locurto Mem., at 1.) The jury in the state trial acquitted Locurto of the Platia homicide. In the instant matter, the federal government ("Government") has indicted Locurto for racketeering conspiracy, alleging his involvement in the Bonanno organized crime family, and that he murdered Platia in the furtherance of this conspiracy. (Indictment ¶ 49.)

Locurto now seeks to admit the hearsay testimony of Viserto and Croce on the ground

that pursuant to Federal Rule of Evidence 804(b)(1), these witnesses are unavailable, and that the Government had the same motive and opportunity to examine these witnesses in the state trial as in the instant federal trial. The Government opposes this motion, urging that this testimony is inadmissible under Rule 804(b)(1) because the federal government is a separate sovereign from the state government, and because the state government did not have the same opportunity to examine these witnesses as the Government would have in the instant trial. (Gov't Ltr. Opp. Locurto Mot. Admit ("Gov't Ltr."), at 2-3.)

## II.  DISCUSSION

### A.  Standard of Review

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Federal Rule of Evidence 804(b)(1) sets forth the governing standard by which prior testimony can be admitted against a party:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1). In order to admit prior testimony under Rule 804(b)(1), the proponent has the burden to show by the preponderance of the evidence that (1) the witness is unavailable; (2) the party against whom the testimony is offered is the same as in the prior proceeding; and (3) that that party had the same motive and opportunity to examine the witness. United States v. Salerno, 505 U.S. 317, 321 (1992). As the Government does not dispute that the declarants are

deceased, I find that these witnesses are unavailable under Rule 804(a) and proceed to examine whether the state prosecutor is the same party and had the same motive and opportunity to examine the witness as the Government.

**B.      Separate Sovereign Doctrine**

"It has been well established in various contexts that the federal government and a state government are separate sovereigns." United States v. Peterson, 100 F.3d 7, 12 (2d Cir. 1996). The Second Circuit in Peterson specifically held that prior testimony taken during a state prosecution is inadmissible in a federal prosecution under the dual sovereign doctrine. Id. at 12-13. As the federal and state governments are different parties, testimony offered at Locurto's state trial is therefore inadmissible under Rule 804(b)(1).

Locurto's attempt to circumvent the separate sovereign doctrine by arguing that the state government was a "predecessor in interest" to the federal government in this prosecution is without merit. Locurto argues that "since the state prosecution and federal prosecution share the identical interest and motivation, the state prosecution is a predecessor in interest to the federal prosecution." (Locurto Mem., at 4.) However, Rule 804(b)(1) clearly limits the use of testimony against a "predecessor in interest" to "a *civil* action or proceeding." Fed. R. Evid. 804(b)(1) (emphasis supplied). Inasmuch as this is a *criminal* prosecution, in which Locurto seeks the use of prior testimony provided in a state *criminal* proceeding, this argument is without merit.

Locurto cites United States v. Gibson, 84 F. Supp. 2d 784, 787 (S.D.W.V. 2000), for the proposition a district court may admit prior testimony in a criminal proceeding against a predecessor in interest of the earlier proceeding. The instant trial is distinguishable from the facts of Gibson, in which the prior testimony originated from a *civil* trial. See Gibson, 84 F.

3

Supp. 2d at 786 ("if a party in a civil case and the government in a later criminal case have similar incentives to develop the testimony, there is no reason to conclude that Rule 804(b)(1) is necessarily and always unavailable to a criminal defendant.") (alterations omitted) (quoting United States v. McDonald, 837 F.2d 1287, 1292-93 (5th Cir. 1988).) While Gibson quoted Fourth Circuit decisional law that "privity is not the gravamen of the analysis under Rule 804(b)(1)," id. at 787 (quoting Horne v. Owens-Corning Fiberglas Corp., 4 F.3d 276, 283 (4th Cir. 1993)), this court is constrained by Supreme Court and Second Circuit authority, which does not support the holding in Gibson that a court sitting in a criminal matter may admit prior testimony without meeting all elements of Rule 804(b)(1). See United States v. Salerno, 505 U.S. 317, 321 (overruling Second Circuit decision that did not require showing of similar motive in Rule 804(b)(1) analysis because "[n]othing in the language of Rule 804(b)(1) suggests that a court may admit former testimony absent satisfaction of each of the Rule's elements.")

Liberally construing this argument to suggest that the federal government "essentially controlled" the state prosecution, Peterson, 100 F.3d at 12, Locurto has provided no evidence to this effect, and even assuming, arguendo, that federal law enforcement agents participated in the state investigation, "it has been long recognized that mere participation by federal agents in an investigation does not implicate the United States as a sovereign" in the subsequent state trial. Id.

**C.    Similar Motive and Opportunity**

Next, I shall address Locurto's argument that the state prosecution had the same "motive and opportunity" to examine Viserto and Croce as the Government. (Locurto Mem., at 3-4.) Locurto notes that the state and federal prosecution concern the same alleged criminal activity,

4

viz.: the intentional killing of Joseph Platia. Locurto further urges that "both alibi witnesses were subjected to vigorous cross-examination by a prosecutor motivated to expose their testimony as false." (Id. at 4.) The Government argues that the motive and opportunity element has not been met, inter alia, because "the trial judge in the state trial precluded any reference to Locurto's ties to organized crime . . . . [, t]hus, the state prosecutor had no opportunity to attack the credibility of alibi witnesses by exploring their ties to organized crime." (Gov't Ltr., at 3.)

Notwithstanding the similar motives of the state prosecution and Government with respect to these witnesses, I find that Locurto has failed to show that the state prosecution had the same opportunity to examine these witnesses. While the similarity of motive of examination has been more thoroughly discussed, see, e.g., United States v. DiNapoli, 8 F.3d 909 (2d Cir. 1993), to meet the third element of Rule 804(b)(1), the hearsay proponent must also show that the party in the prior proceeding had the same opportunity to examine the declarant. See United States v. Jackson, 335 F.3d 170, 177 (2d Cir. 2003) ("If the opportunity to cross-examine is lacking, the prior testimony must be excluded.") (quoting Weinstein's Federal Evidence § 804(4)(3)(a), at 804-33 (McLaughlin ed., 2d ed. 2003)) (alterations omitted). In Jackson, the Second Circuit held that it was proper to exclude a plea proceeding, inter alia, because the prosecution did not have the opportunity pursuant to Fed. R. Crim. P. 11 to engage in sufficient examination of the declarant. Id. In the state proceeding, the examiner had no opportunity to question the witnesses regarding their or Locurto's ties to the Bonanno organized crime family. I therefore find that the state prosecution lacked the same opportunity to examine these witnesses.

## II. CONCLUSION

Locurto's motion in *limine* to admit testimony taken during his state prosecution is therefore DENIED.

SO ORDERED.

Dated: June 26, 2006                                                _____/s/_____
      Brooklyn, N.Y.                                                Nicholas G. Garaufis
                                                                          United States District Judge